# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2019 MAY 10 PM 2:46
CLERK
SO. DIST. OF GA.

| | |
|---|---|
| THOMAS HOUSTON, | * |
| Plaintiff, | * CIVIL ACTION NO.: 5:18-cv-35 |
| v. | * |
| GREGORY C. DOZIER; WARDEN DEAL; and C.O. II HADDEN, | * |
| Defendants. | * |

## ORDER

After an independent and de novo review of the entire record, the undersigned adopts in part and rejects in part the Magistrate Judge's Report and Recommendation. Dkt. No. 11. On January 11, 2019, the Magistrate Judge ordered service on one named Defendant but recommended the Court dismiss any claims against the other two named Defendants. On January 28, 2019, Plaintiff objected to this Report and asserted additional facts which now make his allegations against Warden Deal non-frivolous. The Court, therefore, **ORDERS** the United States Marshal to serve a copy of Plaintiff's Complaint, dkt.no. 1, the Court's January 11, 2019 Order, dkt. no. 11, Objections, dkt. no. 12, and a copy of this Order upon Defendant Deal without prepayment of costs. However, for the reasons the Magistrate

Judge stated, the Court **DISMISSES** all claims against Defendant Dozier, as well as all of Plaintiff's claims against Defendants in their official capacities. The Court **DENIES** Plaintiff *in forma pauperis* status on appeal as to these dismissed claims.

Plaintiff appears to object to the entirety of the Magistrate Judge's Report and Recommendation, but many of his Objections are not responsive to the Report and Recommendation. To begin, Plaintiff attempted to assert claims against three Defendants in both their individual and official capacities. Dkt. No. 1, p. 5. The Magistrate Judge ordered service only as to one of these Defendants, C.O. II Hadden, and only in her individual capacity. Dkt. No. 11, p. 8. The Magistrate Judge correctly stated that Plaintiff could not sustain a claim against any Defendants in their official capacities because of sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Magistrate Judge additionally recommended the Court dismiss claims against Defendants Dozier and Deal, because Plaintiff did not make any factual allegations about their conduct but merely named them as Defendants. Dkt. No. 11, p. 4.

Plaintiff's primary objection is that prison officials are not entitled to either qualified or absolute immunity when they violate clearly established law. Dkt. No. 12, p. 2. This is correct, but only as to claims asserted against prison officials

AO 72A
(Rev. 8/82)

in their individual capacities. As the Magistrate Judge explained, suits against state officers in their official capacities are, in effect, suits against the state itself. Will, 491 U.S. at 71. Suits against states are barred by sovereign immunity unless the state consents to suit. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Accordingly, the Magistrate Judge correctly recommended that Plaintiff's claims against all Defendants in their official capacities be dismissed.

Turning to Plaintiff's claims against Defendants in their individual capacities, the Magistrate Judge did not recommend that those claims be dismissed on grounds of immunity. He instead recommended the claims against Defendants Dozier and Deal be dismissed because Plaintiff did not make any factual allegations concerning actions taken by those two Defendants. Dkt. No. 11, pp. 4-5. However, in his Objections, Plaintiff asserts new facts regarding Defendant Deal. Specifically, he asserts that Defendant Deal was aware of "multiple complaints from inmates of officer C.O. II Hadden (sic) violent behavior." Dkt. No. 12, p. 2. Plaintiff does not, however, make any similar allegations regarding Defendant Dozier.

Because service has yet to be executed, Plaintiff may still file an amendment as a matter of course. Fed. R. Civ. P. 15(a)(1). Construing Plaintiff's Objections as an amendment,

3

Plaintiff claims that Defendant Deal was aware of complaints of Defendant Hadden's violent behavior but did nothing to stop this behavior. "The Eighth Amendment prohibits deliberate indifference to an inmate's health or safety." Smith v. Owens, 625 F. App'x 924, 927 (11th Cir. 2015) (citing Hope v. Pelzer, 539 U.S. 730, 737-38 (2002)). However, a plaintiff must plead more than mere negligence to state a claim for an Eighth Amendment violation. Smalls v. Berrios, Case No: 3:06cv95, 2007 WL 1827465 at *5 (N.D. Fla. June 25, 2007). A plaintiff must instead show: (1) an objective, serious risk of physical harm; (2) a subjective, deliberate indifference by defendant to that risk; and (3) causation. Id. at *4; Alexander v. Barefield, Case No: 5:06cv22, 2007 WL 1655383 at *3-4 (N.D. Fla. June 7, 2007). The second, subjective component is met where a defendant disregards a known, clear risk to a prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994).

Therefore, considering Plaintiff's additional allegations in his Objections, Plaintiff's claim for deliberate indifference against Defendant Deal is not subject to dismissal at this stage of review. On the other hand, Plaintiff has not made any factual allegations against Defendant Dozier and cannot assert a claim against him.

For the foregoing reasons, the Court **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's Report and

AO 72A
(Rev. 8/82)

Recommendation. Dkt. No. 11. The Court **ORDERS** the United States Marshal to serve a copy of Plaintiff's Complaint, dkt. no. 1, the January 11, 2019 Order, dkt. no. 11, Objections, dkt. no. 12, and a copy of this Order upon Defendant Deal without prepayment of costs. For the reasons the Magistrate Judge stated, the Court **DISMISSES** all claims against Defendant Dozier, as well as all of Plaintiff's claims against Defendants Deal and Hadden in their official capacities. The Court **DENIES** Plaintiff *in forma pauperis* status on appeal as to these dismissed claims.

**SO ORDERED**, this 10 day of May, 2019.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)