IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By mgarcia at 2:09 pm, Jan 21, 2020*

| | |
|---|---|
| THOMAS HOUSTON, | |
| Plaintiff, | CIVIL ACTION NO.: 5:18-cv-35 |
| v. | |
| WARDEN DEAL; and CO II HADDEN, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on the United States Marshals Service's Unexecuted Return as to Defendant Hadden, doc. 23. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's claims against Defendant Hadden.

By Order dated January 11, 2019, the Court directed the United States Marshals Service to serve Defendant Hadden with a copy of Plaintiff's Complaint based on Plaintiff's allegations that Defendant Hadden used excessive force against Plaintiff. Doc. 11. The Clerk of Court prepared a USM-285 form to assist the United States Marshals Service with effectuation of service on Defendant Hadden. Doc. 11-1. On March 5, 2019, the United States Marshals Service Return as to Defendant Hadden was returned as unexecuted with the notations that the mail was returned as unclaimed and that the address the Marshals Service has on file for Defendant Hadden appears to be a good address. Doc. 13. The Court then entered an Order on May 9, 2019 directing Defendant Hadden to show cause why she did not timely execute the waiver of service, warning her that her failure to show good cause or to respond to the Order could result in the imposition of sanctions and reminding Defendant Hadden of her duty to avoid

unnecessary costs relating to service.  Doc. 14.

Defendant Hadden did not respond to the Court's Order to show cause.  The United States Marshals Service believed the address it has on file for Defendant Hadden was a good address, but Defendant Hadden just had not claimed her mail.  Doc. 22 at 2.  On August 21, 2019, the Court ordered the United States Marshals Service to personally serve Defendant Hadden with a copy of the Court's January 11, 2019, May 9, 2019, and August 21, 2019 Orders within 30 days, if practicable, and to exercise due caution in attempting to effectuate service on Defendant Hadden.  Doc. 22.  The Court imposed the costs of personal service on Defendant Hadden and ordered Defendant Hadden to file her Answer to Plaintiff's Complaint as quickly as possible, but, in no event, later than 30 days after the United States Marshals Service personally served her with process.  Id. at 2.

The United States Marshals again filed an unexecuted return as to Defendant Hadden on September 23, 2019.  Doc. 23.  This unexecuted return shows the United States Marshals twice tried to personally serve Defendant Hadden at two similar addresses without success.  Id.  Additionally, the United States Marshals Service stated it is unable to locate Defendant Hadden because she may have moved to New Jersey.  Id.

Thereafter, by Order dated December 4, 2019, the Court ordered Plaintiff to provide the Court with additional information relating to Defendant Hadden and her whereabouts so that the Court and the United States Marshal could make yet another attempt to personally serve her.  Doc. 25 at 2.  In the alternative, the Court ordered Plaintiff to advise the Court whether he wished to use the services of a private process server in an attempt to serve Defendant Hadden himself.  Id.  Through no fault of his own, Plaintiff has no additional information as to Defendant Hadden's whereabouts.  Furthermore, Plaintiff does not wish to employ a private process server

2

to find and serve Defendant Hadden.  Doc. 27 at 1–2.

Rule 4(m) of the Federal Rules of Civil Procedure, which addresses the time limit for service, provides:

> If a defendant is not served within 90 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4.  Courts assist inmate plaintiffs—because they are confined and typically indigent—in effecting Rule 4 service.  See, e.g., Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) ("In forma pauperis litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part.").  However, the Court ordinarily does not have an obligation to assist an inmate in effecting service beyond "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff."  Simmons v. Prison Health Servs. Inc., No. CV408-239, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009); see also Smith v. Belle, 321 F. App'x 838, 845 (11th Cir. 2009) (failure of prisoner proceeding in forma pauperis in § 1983 action to provide current address for defendant so that process could be served, despite being warned that failure to do so would result in dismissal, warranted dismissal of the prisoner's claims against defendant for lack of service of process); Salas v. Tillman, 162 F. App'x 918, 923 (11th Cir. 2006) (pro se, in forma pauperis prisoner was not entitled to a continuance so that service could be completed on corrections officers in his civil rights claim, where prisoner was aware of his failure to provide service but made no attempt to remedy the service problem).

However, Plaintiff ultimately has the responsibility for serving Defendant Hadden.  And while Plaintiff has not entirely ignored this obligation to provide an address where she might be

served, it appears Defendant Hadden is no longer employed by Ware State Prison. Furthermore, it appears Defendant Hadden cannot be located at any other address known by Plaintiff or the United States Marshals Service. Because these efforts continue to be unsuccessful, Plaintiff's claims against Defendant Hadden are due for dismissal. See Brown v. Davis, 656 F. App'x 920, 921 (11th Cir. 2016) (finding district court did not abuse its discretion in dismissing prisoner's § 1983 claim against an officer for lack of service where officer no longer resided at the address provided by the prisoner, prisoner did not remedy the service, and prisoner was on notice the officer had not been served for three years); see also Penton v. Nunez, No. 2:11-CV-0518, 2014 WL 4244013, at *2 (E.D. Cal. Aug. 26, 2014) (dismissing case after inability to locate and serve defendant at address provided by deputy attorney general); Williams v. Hodges, No. CIV.A H 08-2082, 2010 WL 518776, at *5 (S.D. Tex. Jan. 31, 2010) (dismissing case "because the United States Marshal has been unable to complete service of process based on the information provided by the plaintiff and the State Attorney General's Office.")

Accordingly, I **RECOMMEND** Court **DISMISS without prejudice** Plaintiff's claims against Defendant Hadden. The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to

which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. Finally, the Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of January, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA