FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 8:49 am, Aug 10, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

THOMAS HOUSTON,

       Plaintiff,

    v.

WARDEN DEAL,

       Defendant.

CIVIL ACTION NO.: 5:18-cv-35

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant Warden Deal's unopposed Motion for Summary

Judgment, filed on January 17, 2020. Doc. 29. The Clerk of Court mailed a Notice to Plaintiff

advising him that Defendant filed a Motion for Summary Judgment and that a response must be

filed by February 7, 2020. Doc. 30. That Notice further advised Plaintiff that:

1.     If you do not timely respond to this motion . . . , the consequence may be
that the Court will deem the motion unopposed, and the Court may enter
judgment against you.

2.     If your opponent's Statement of Material Facts sets forth facts supported
by evidence, the Court may assume that you admit all such facts unless
you oppose those facts with your own Statement of Material Facts which
also sets forth facts supported by evidence.

3.     If a summary judgment motion is properly supported, you may not rest on
the allegations in your [Complaint] alone.

Id. This Notice was not returned to the Clerk of Court as undeliverable to Plaintiff at Ware

State Prison.

However, "the district court cannot base the entry of summary judgment on the mere fact

that the motion [is] unopposed but, rather, must consider the merits of the motion." United

States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted).   Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact."   Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).

The time for Plaintiff to file a response has elapsed, and Defendant's Motion is now ripe for adjudication.   For the following reasons, I **RECOMMEND** the Court **GRANT** Defendant's unopposed Motion for Summary Judgment, **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

### I.      Plaintiff's Allegations and Procedural History

Plaintiff filed this action under 42 U.S.C. § 1983 contesting certain conditions of his confinement while confined at Ware State Prison in Waycross, Georgia.   Doc. 1.   In his Complaint, Plaintiff asserts that on September 22, 2017, Corrections Officer Hadden ("CO Hadden") intentionally stomped on Plaintiff's hand, injuring him, and that Defendant Hadden falsely accused him of attempting to strike her.   Id. at 5.   Plaintiff also asserted claims against Department of Corrections Commissioner Dozier and Ware State Prison Warden Deal.   Id.   The Magistrate Judge issued a Report recommending the District Judge dismiss Plaintiff's claims against Dozier and Deal in their entirety and dismiss the claims against CO Hadden in her official capacity; the Court served on Hadden, in her individual capacity, claims for excessive force, negligence, assault and battery, and intentional infliction of emotional distress.   Doc. 11 at 5, 7.   However, Plaintiff filed timely objections asserting new facts against Deal, namely that the Warden was aware of "multiple complaints from inmates of officer C.O. II Hadden (sic) violent

2

behavior."   Doc. 12 at 2.   Based on that allegation, the District Judge ordered service of

Plaintiff's Complaint on Defendant Deal but dismissed all claims against Defendant Dozier and

the official capacity claims against Defendants Deal and Hadden.   Doc. 15 at 5.   In February

2020, the Court dismissed Plaintiff's claims against CO Hadden based on my recommendation,

as the United States Marshals Service had been unable to serve her for more than a year.[1]

Doc. 32.   Accordingly, Plaintiff's supervisory liability claim against Defendant Deal in his

individual capacity is the only remaining claim in the case.   Defendant Deal filed the instant

Motion for Summary Judgment on January 17, 2020, and Plaintiff failed to respond.   Doc. 29.

The Motion is ripe for review.

## II.      Undisputed Material Facts

It is important to note at the outset that the allegations in Plaintiff's Complaint are not to

be considered in resolving Defendant's Motion for Summary Judgment.   See Chambliss v.

Buckner, 804. F. Supp. 2d 1240, 1248 (M.D. Ala. 2011) ("Allegations in an unsworn complaint

---

[1]      The Court first directed the United States Marshals Service to serve Hadden on January 11, 2019, but the mailed waiver of service was returned unexecuted.   Doc. 13.   The Court then entered an Order on May 9, 2019, directing Hadden to show cause why she did not timely execute the waiver of service. Doc. 14.   Hadden did not respond to the Court's show cause Order.   On August 21, 2019, the Court ordered the United States Marshals Service to personally serve Hadden, but the attempt was unsuccessful. Doc. 23.   The United States Marshals Service states Hadden may have moved to New Jersey.   Id.   In December 2019, the Court ordered Plaintiff to provide the Court with additional information relating to Hadden or to advise the Court whether he wished to use a private process server.   Doc. 25.   Plaintiff did not wish to employ a private process server.   Doc. 27.   Because continuous efforts to serve Hadden proved unsuccessful, I recommended dismissal of the claims against her.   Doc. 31 (citing Brown v. Davis, 656 F. App'x 920, 921 (11th Cir. 2016) (finding district court did not abuse its discretion in dismissing prisoner's § 1983 claim against an officer for lack of service where officer no longer resided at the address provided by the prisoner, prisoner did not remedy the service, and prisoner was on notice the officer had not been served for three years); Penton v. Nunez, No. 2:11-CV-0518, 2014 WL 4244013, at *2 (E.D. Cal. Aug. 26, 2014) (dismissing case after inability to locate and serve defendant at address provided by deputy attorney general); Williams v. Hodges, No. CIV.A H 08-2082, 2010 WL 518776, at *5 (S.D. Tex. Jan. 31, 2010) (dismissing case "because the United States Marshal has been unable to complete service of process based on the information provided by the plaintiff and the State Attorney General's Office.")).   The District Judge adopted the Report and Recommendation without objection. Doc. 32.

3

are not evidence for purposes of summary judgment and, thus, cannot be considered.") (citing

Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).   Defendant submitted a Statement of

Material Facts ("Defendant's SMF") in support of his Motion for Summary Judgment, in

accordance with the Federal Rule of Civil Procedure 56 and Local Rule 56.1.   Doc. 29-3.

Defendant's SMF is supported exclusively by Plaintiff's deposition.   Id.   The undisputed facts

for summary judgment include the following:

In September 2017, Plaintiff was housed at Ware State Prison and continues to be

confined there.   Id. at 1.   At all times relevant to this case, Defendant Deal was the Warden at

Ware State Prison.   Id.   On or near September 22, 2017, between 4:30 and 5:30 p.m., Plaintiff

was "getting ready to go to chow."   Id.   Plaintiff witnessed another inmate drop a piece of paper

and got on his hands and knees to slide the piece of paper under a door back to the inmate.   Id.

at 2.   While on the floor, CO Hadden, without warning, stomped on Plaintiff's hand.   Id.

Plaintiff received two cuts to his hand, which were washed and bandaged at the medical ward.

Id.   Plaintiff testified he was aware of three occasions CO Hadden engaged in "violent

behavior" before his incident.   Id.   On one occasion, CO Hadden spit in an inmate's face; on

another occasion, CO Hadden tore up an inmate's grievance form and threw it in the inmate's

face; on the third occasion, CO Hadden slapped an inmate in the face.[2]   Id.   Plaintiff does not

know the identities of the individual inmates involved in the altercations with CO Hadden.   Id.

Plaintiff does not know if the three inmates complained about the incidents involving CO

Hadden.   Id. at 3.   Plaintiff also does not know whether Defendant Deal was ever made aware

of the altercations involving CO Hadden.   Id.   Indeed, during his deposition Plaintiff stated, "I

---

[2]     Plaintiff also testified about one occasion when CO Hadden pushed a door into an inmate, but
that incident occurred after Plaintiff was injured.   Doc. 29-2 at 9.

can't say for sure the warden knew about [these incidents], but I can just sit here and assume."
Doc. 29-2 at 10.

## LEGAL STANDARD

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.   However, there must exist a conflict in substantial evidence to pose a jury question."   Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.   See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).   Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).   When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial.   See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)).   In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party.   Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County,

630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION

### I.    Supervisory Liability of Defendant Deal

Plaintiff asserts a single claim for supervisory liability against Defendant Deal in his

individual capacity.   The undisputed facts show Plaintiff does not know whether the warden was

ever made aware of at least three altercations between his subordinate, CO Hadden, and other

inmates.   "The standard by which a supervisor is held liable in her individual capacity for the

actions of a subordinate is extremely rigorous."   Braddy v. Fla. Dep't of Labor & Emp't Sec.,

133 F.3d 797, 802 (11th Cir. 1998).   Supervisory officials are not liable under § 1983 for the

unconstitutional acts of their subordinates based on respondeat superior or vicarious liability.

Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999).   "[A]bsent allegations of personal

participation . . . supervisory liability is permissible only if there is a causal connection between

a supervisor's actions and the alleged constitutional violation."   Piazza v. Jefferson County, 923

F.3d 947, 957 (11th Cir. 2019).

A causal connection is established where there is evidence that "(1) a history of

widespread abuse put[ ] the responsible supervisor on notice of the need to correct the alleged

deprivation, and he or she fail[ed] to do so; (2) a supervisor's custom or policy result[ed] in

deliberate indifference to constitutional rights; or (3) facts support an inference that the

supervisor directed subordinates to act unlawfully or knew that subordinates would act

unlawfully and failed to stop them from doing so."   Mathews v. Crosby, 480 F.3d 1265, 1270

(11th Cir. 2007).   At no point does Plaintiff assert a custom or police resulted in the deliberate

indifference to his constitutional rights.   Likewise, no facts support the inference Defendant

Deal directed subordinates to act unlawfully or knew subordinates would act unlawfully and

failed to stop them.   Plaintiff merely states he "assume[s]" Defendant knew, but Plaintiff

himself is unaware whether CO Hadden's three alleged victims ever complained about the abuse

they experienced.

        "The deprivations that constitute widespread abuse sufficient to notify the supervising

official must be obvious, flagrant, rampant and of continued duration, rather than isolated

occurrences."   Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (finding no evidence

prison officials had knowledge of dirty drinking water and inmates having to sleep on the floor

as no inmate had filed such a complaint); compare Clark v. Evans, 840 F.2d 876, 885 (11th Cir.

1988) (finding four cases alleging a prison policy of disregarding committal orders by state court

judges in four years were insufficient to put Department of Corrections Commissioner on notice,

especially because such matters were handled at lower administrative levels), with Holland v.

Connors, 491 F.2d 539, 541 (5th Cir. 1974) (vacating and remanding dismissal of prisoner's

§ 1983 complaint which alleged prison superintendent was responsible for subordinates' acts of

illegal questioning despite not being present because "such practices were so widespread and had

been standard procedure at the institution for so long that he was or must have been aware of

them").

        Similar to the Brown case, there is no evidence any inmate complained of CO Hadden's

conduct until after Plaintiff's injury; thus, there is no evidence any prison official had knowledge

of CO Hadden's alleged abuse.   Furthermore, the past altercations between three inmates and

CO Hadden do not appear so widespread as to be "obvious, flagrant, rampant, and of continued

duration.   Brown, 906 F.2d at 671.   These incidents are merely separate isolated occurrences,

each of which occurred at unknown times and involved unknown inmates.   Moreover, it is not

abundantly clear that all of CO Hadden's alleged abuse—including spitting in the face, throwing

torn papers in the face, and a slap in the face—would necessarily rise to the level of a

constitutional deprivation, even if those incidents had been reported.   See, e.g., Dyal v. Lee,

Case No. 5:17-cv-377, 2019 WL 1294998, at \*7 (M.D. Fla. Mar. 21, 2019) ("[Plaintiff's] claims

regarding 'slaps to the face and spitting' [do not] state a constitutional violation under the Eighth

Amendment as he has not alleged to have suffered any injury . . . .").

Therefore, the Court finds Plaintiff has failed to create a triable issue as to whether

Defendant Deal violated Plaintiff's constitutional rights because Plaintiff has not demonstrated a

causal connection between Deal's actions or inactions and CO Hadden's alleged constitutional

deprivation.   Based on the material facts before the Court, on which there is no genuine dispute,

Defendant Deal is entitled to summary judgment.   Accordingly, I **RECOMMEND** the Court

**GRANT** Defendant's Motion for Summary Judgment, doc. 29, and **DISMISS** Plaintiff's

Complaint.

## II.      Leave to Appeal *in Forma Pauperis*

Should the Court adopt my recommendation and grant Defendant's Motion for Summary

Judgment, the Court should also deny Plaintiff leave to appeal *in forma pauperis*.   Though

Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the

Court's order of dismissal.   Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not

taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is

not taken in good faith.   28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).   Good faith in this

context must be judged by an objective standard.   Busch v. County of Volusia, 189 F.R.D. 687,

691 (M.D. Fla. 1999).   A party does not proceed in good faith when he seeks to advance a

frivolous claim or argument.   See Coppedge v. United States, 369 U.S. 438, 445 (1962).   A

claim or argument is frivolous when it appears the factual allegations are clearly baseless or the

legal theories are indisputably meritless.   Neitzke v. Williams, 490 U.S. 319, 327 (1989);

Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).   An *in forma pauperis* action is frivolous

and not brought in good faith if it is "without arguable merit either in law or fact."   Napier, 314

F.3d at 531; see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at

*1–2 (S.D. Ga. Feb. 9, 2009).   Based on the above analysis of Plaintiff's action and Defendant's

Motion for Summary Judgment, there are no non-frivolous issues to raise on appeal, and an

appeal would not be taken in good faith.   Thus, the Court should **DENY** Plaintiff *in forma*

*pauperis* status on appeal as to any dismissed claims.

## CONCLUSION

Because Plaintiff has not presented a genuine issue of material fact, I **RECOMMEND**

the Court **GRANT** Defendant's unopposed Motion for Summary Judgment and **DISMISS**

Plaintiff's Complaint.   I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to enter

the appropriate judgment of dismissal and **CLOSE** this case and **DENY** Plaintiff *in forma*

*pauperis* status on appeal.

The Court instructs any party seeking to object to this Report and Recommendation to

file specific written objections within 14 days of the date on which this Report and

Recommendation is entered.   Any objections asserting that the Magistrate Judge failed to

address any contention raised in the Complaint must also be included.   Failure to do so will bar

any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.

See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).   A copy of the objections

must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United

States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.   Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.   Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 10th day of August, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA